1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 ERIC MEYER,                                        Case No. 19cv322-MMA-MSB

12                                     Plaintiff,

13                     vs.                            **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**

14 DELTA AIRLINES; S.D. HUD
HOUSING; EXPERIAN; EQUIFAX;                          **[Doc. No. 2]**
15 TRANS UNION; LAURIE CONNOLLY;
16 MAYO CLINIC                                        **DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO**
17                                     Defendants.    **28 U.S.C. § 1915(e)(2)(B)**

18

19        Plaintiff Eric Meyer, proceeding *pro se*, and apparently civilly detained at Chicago

20 Read Mental Health Center located in Chicago, Illinois, has filed this civil action. *See* Doc.

21 No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead

22 he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

23 *See* Doc. No. 2.

24 **I.      Motion to Proceed IFP**

25        All parties instituting any civil action, suit or proceeding in a district court of the

26 United States, except an application for writ of habeas corpus, must pay a filing fee of

27

28

1

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A "civil detainee" on the other hand, like Plaintiff, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, . . . ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA.").

Thus, because it appears Plaintiff is a civilly committed patient at the Chicago Read Mental Health Center, and not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *Andrews*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  398 F.3d at 1122. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as

2  it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to

3  show that he is unable to pay the fees or post securities required to maintain this action.

4  *See* S.D. CAL. CIVLR 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to

5  Proceed IFP pursuant to 28 U.S.C. § 1915(a).

6  **II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

7  A.    Standard of Review

8  A complaint filed by *any* person proceeding in forma pauperis is subject to sua

9  sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which

10 relief may be granted, or seek[s] monetary relief from a defendant immune from such

11 relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

12 (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

13 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection

14 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis

15 complaint that fails to state a claim.").

16 All complaints must contain "a short and plain statement of the claim showing that

17 the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not

18 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

20 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a

21 complaint states a plausible claim for relief [is] . . . a context-specific task that requires the

22 reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

23 possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*

24 *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

25 "When there are well-pleaded factual allegations, a court should assume their

26 veracity, and then determine whether they plausibly give rise to an entitlement to relief."

27 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

28 ("[W]hen determining whether a complaint states a claim, a court must accept as true all

3

allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds Plaintiff's entire Complaint is frivolous. A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . .. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, the Court finds that Plaintiff's claims "rise to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal as frivolous and without leave to amend. *See Lopez v. Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

//

//

4

**III.    Conclusion and Order**

Based on the foregoing, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

2.    **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and without leave to amend;

3.    **DIRECTS** the Clerk of Court to enter judgment in accordance with this Order and close the case; and

3.    **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

DATE: March 15, 2019

HON. MICHAEL M. ANELLO
United States District Judge

19cv322-MMA-MSB